IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARCUS ANTHONY
DUFFY-THOMPSON,

*Plaintiff,*

v.

BRYAN COLLIER, *et al.*,

*Defendants.*

Civil Action No. H-18-1919

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against six prison officials and employees. He seeks declaratory and injunctive relief for alleged violations of his constitutional rights regarding a disciplinary conviction.

Having screened the complaint pursuant to section 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff challenges a prison disciplinary conviction he received at the Pack Unit in December 2017. He claims that the disciplinary charge was false and brought in retaliation for class action lawsuits filed by other Pack Unit inmates. His administrative appeals of the disciplinary conviction were denied by prison grievance officials.

Plaintiff states that the conviction was for an improper telephone communication. He contends that prison officials denied him due process by not listening to an audio recording

of the subject telephone call, which he claims would have established his innocence. He further contends that his counsel substitute at the hearing was ineffective, and that grievance officials failed to set aside the false conviction during his administrative appeals.

Plaintiff seeks a declaratory judgment finding that his constitutional rights were violated. He further seeks as injunctive relief an apology from prison officials for convicting him of a false and retaliatory disciplinary charge, an apology to his mother, and a revocation of the disciplinary conviction and punishments.

## II. ANALYSIS

This Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

A. *Heck* Bar

Plaintiff seeks declaratory and injunctive relief and asks for reversal of the purportedly unlawful disciplinary conviction. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction

or imprisonment is not cognizable under section 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See also Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (noting that claims asserted in a section 1983 action, whether for damages, declaratory judgment, or injunctive relief, that would imply the invalidity of a conviction, are not cognizable).

The Supreme Court has extended *Heck* to prison disciplinary proceedings, concluding that claims for declaratory or injunctive relief or for monetary damages that necessarily imply the invalidity of a disciplinary punishment are not cognizable in a section 1983 proceeding. *Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997). Plaintiff's request to have this Court reconsider the basis and validity of the disciplinary charge and the actions of the officials involved with the disciplinary proceeding and resulting punishment, if successful, would "necessarily imply the invalidity of the punishment imposed." *Edwards*, 520 U.S. at 648. Thus, such claims are not cognizable in this case unless plaintiff has satisfied the conditions set by *Heck*. Plaintiff's pleadings show that his administrative challenges to the conviction were denied, and he does not state or show that the conviction has been successfully challenged through habeas proceedings. As a result, plaintiff does not meet the *Heck* requirements and his claims must be dismissed. *See Heck*, 512 U.S. at 487–88; *see also McGrew v. Tex. Bd. Of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

Plaintiff's claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Alternatively, plaintiff's claims must be dismissed because they lack merit, as explained below.

B. <u>Administrative Appeals</u>

In complaining that grievance officials failed to investigate and grant his administrative appeals, plaintiff raises no claim for which relief may be granted under section 1983. It is well established that prisoners have no constitutional right to the satisfactory investigation and resolution of prison grievances or administrative appeals. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff's claims for improper investigation and resolution of his administrative appeals are **DISMISSED WITH PREJUDICE** in the alternative for failure to state a colorable claim for relief under section 1983.

C. <u>Counsel Substitute</u>

Likewise, plaintiff's allegations that his counsel substitute provided ineffective assistance of counsel raise no issues of a constitutional dimension. There is no constitutional right to counsel at a prison disciplinary hearing. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976). Thus, a claim of ineffective assistance of substitute counsel is not of constitutional magnitude. *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel").

Further, for purposes of section 1983, counsel substitute was not a state actor. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that counsel substitute does not act under the color of state law for purposes of section 1983). Consequently, his claim for ineffective assistance of counsel substitute is **DISMISSED WITH PREJUDICE** in the alternative for failure to state a colorable claim for relief under section 1983.

D.  Retaliation

To the extent plaintiff argues that the disciplinary charge and conviction were motivated by retaliation, he fails to set forth factual allegations demonstrating a viable claim for retaliation. An inmate's claim of retaliatory disciplinary actions is to be "regarded with skepticism." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must show that the retaliatory act was motivated by the retaliatory intent, and that, but for the retaliatory motive, the adverse act would not have occurred.

Plaintiff's conclusory assertions of a retaliatory motive are unsupported by factual allegations, and are insufficient to state a viable claim for retaliation under section 1983. His claim that the disciplinary charge and conviction were in retaliation for litigation undertaken by other inmates is **DISMISSED WITH PREJUDICE** in the alternative for failure to state a viable claim under section 1983.

E.  Habeas Claims

Given a liberal construction, plaintiff's claims can be construed as habeas challenges to the validity of his disciplinary conviction. However, this Court declines to construe this lawsuit as one brought pursuant to section 2254, as habeas relief is unwarranted.

In context of a disciplinary hearing, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472 (1995). A Texas prisoner can demonstrate a due process violation in connection with a prison disciplinary conviction only if he first satisfies the following criteria: (1) he must be eligible for release on mandatory supervision, and (2) the disciplinary conviction must have resulted in a loss of previously earned good time credit. *Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000).

Plaintiff contends here that his disciplinary conviction violated the Eighth Amendment and his due process rights because the charges against him were patently false. Exhibits attached to his complaint show that he was punished with loss of commissary, recreation, and other privileges, reduction in line class, and forfeiture of thirty days' accrued good time credit. Thus, plaintiff meets the requirement for having lost accrued good time credit. However, public state prison records show that in November 2008, he was convicted of

aggravated sexual assault and burglary of a habitation with intent to commit sexual assault. These offenses render him ineligible for release on mandatory supervision under state law. *See* TEX. GOV'T CODE §§ 508.149(a)(6) and (13). Consequently, plaintiff's challenges to the disciplinary conviction, and his request to set aside the conviction and related punishments, would not warrant habeas relief.

### III. CONCLUSION

Plaintiff's claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met. In the alternative, plaintiff's claims are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted under section 1983. Any and all pending motions are **DENIED AS MOOT**. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to all parties, to TDCJ–Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this the  15th day of June, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE